# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| EMILIANO SOLIS RANGEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-224-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth,[1] | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No.1) by petitioner Emiliano Solis Rangel ("Rangel"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas, and the Response of Warden Eric D. Wilson (ECF No. 7). After considering the relief sought by Petitioner, the record, related briefing, and applicable law, the Court concludes that Rangel's § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

## I. BACKGROUND

Rangel was convicted in this the United States District Court for the Northern District of Texas, in Cause Number 4:15-cr-178-O (4), of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and sentenced to a 151-month term imprisonment. J., No. 4:15-cr-178-O(4), ECF No. 88. The conviction and sentence resulted from a plea of guilty supported by a Factual Resume. Factual Resume 1–4, No. 4:15-cr-178-O(4), ECF No.

---

[1] Because Eric D. Wilson has now replaced Rodney W. Chandler as Warden at FMC-Fort Worth, Wilson should "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d). The clerk of court is directed to make this change on the docket of this case.

42; Minute Entry, No. 4:15-cr-178-O(4), ECF No.45. After the entry of Rangel's plea, a probation officer prepared a presentence report (PSR). PSR, No. 4:15-cr-178-O(4), ECF No. 55-1. In the PSR, the officer calculated a base offense level of 32 under the drug quantity table U.S.S.G. § 2D1.1(c)(4) applicable to a total of 350.7 grams of actual methamphetamine. *Id.* ¶¶ 25, 32. The PSR also added two levels under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. *Id.* ¶¶ 33–34. After a reduction of three levels for acceptance of responsibility under both U.S.S.G. §§ 3E1.1(a) and (b), Rangel's total offense level came to 31, and with a criminal history category of IV, the applicable guideline imprisonment range was determined to be 151 months to 188 months' imprisonment. *Id.* 32–42, 91. As noted, this Court sentenced Rangel to 151 months, the bottom of the applicable guideline range. J., No. 4:15-cr-178-O(4), ECF No. 88; Statement of Reasons, No.4:15-cr-178-O(4), ECF No. 89.

Rangel did not file a direct appeal, and he did not seek relief under 28 U.S.C. § 2255. Instead, Rangel filed the instant petition under 28 U.S.C. § 2241. Pet. 1, ECF No. 1.

## II.    CLAIMS FOR RELIEF

Rangel challenges this Court's sentence calculations, contending that the amount of methamphetamine for which he was held accountable was inaccurate, and because the Court considered facts not known at the time of his guilty plea. Pet. 2–3, ECF No.1. He also argues that the Court was limited to considering a methamphetamine amount he alleges was stipulated in the indictment. *Id.* 3–4. Rangel contends the applicable guideline range should have been only 10–16 months. *Id.* 6.  And Rangel argues that a sentence above the applicable guideline range is a defect that falls within the purview of the savings clause. *Id.* 2.

## III. ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Rangel fails to show that the § 2255 remedy is either inadequate or ineffective to the test the legality of his detention. Rangel cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

In this case, Rangel has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Rangel does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Rather he challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging a conviction). Recently, in *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Rangel does in this case, that he was erroneously sentenced. 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id.* at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)).

The Court notes that Rangel recites claims for relief based upon the fairly recent Supreme Court decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) (holding that on direct appeal, a defendant can rely on the application of an incorrect Guideline range to show an effect on his substantial rights for purposes of plain error review). But Rangel has not argued that this decision has been made retroactively applicable, and he has not claimed that the decision establishes that he was actually innocent of the charge against him because the conduct for which he was convicted has been decriminalized. Relevant case law recognizes that the *Molina-Martinez* opinion does not

4

provide a basis for invoking the savings clause. *See e.g., Avila v. United States,* No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No. 8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017) ("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.")

As Rangel does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, he is not entitled to relief under § 2241. Rangel's § 2241 petition must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

### III. NO ALTERNATIVE REVIEW UNDER § 2255

Although this Court presided over Rangel's conviction and thus could preside over a motion under § 28 U.S.C. § 2255, Rangel pursued relief under § 2241 and expressly did not seek relief under 28 U.S.C. § 2255. Pet 2, ECF No.1. Thus, the Court has not construed the § 2241 petition as a motion to vacate under § 2255. Even to the extent the Court could alternatively construe Rangel's § 2241 petition as a motion under § 2255, such motion would be barred by the applicable statute of limitations. *See* 28 U.S.C. § 225(f)(1)–(4).[2]

---

[2]In this regard, except for a claim that government action created an impediment to filing under § 2255(f)(2), a claim based upon a right newly recognized by the Supreme Court and made retroactive under § 2255(f)(2), or a claim that the facts in support could not have earlier been discovered through the exercise of due diligence under § 2255(f)(3), the one-year period of limitation to file a § 2255 motion runs from the date the judgment of conviction became final. Rangel's judgment was entered on the criminal case docket on December 8, 2015. J. , No. 4:15-cr-178-O(4), ECF No. 88. Rangel did not file a direct appeal, and so his judgment of conviction became final at the time for him to have filed an appeal under Federal Rule of

**IV. ORDER**

Accordingly, it is **ORDERED** that Emiliano Solis Rangel's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **30th day** of **July, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

Appellate Procedure 4(b)(1)(A)(i) (fourteen days after entry of judgment)—on December 22, 2015. Thus, under 28 U.S.C. § 2255(f)(1), Rangel would have had one year, or through December 22, 2016, to timely file a § 2255 motion. If the document Rangel filed as § 2241 petition was to be construed as a § 2255 motion, as such document was constructively filed in this Court on the date Rangel gave it to prisons officials—March 6, 2017, the document was filed several months beyond the applicable one-year limitations deadline of December 22, 2016.